UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

IFEANYI J. ELECHI

    Plaintiff,

V.   CIVIL ACTION NO

AARGON AGENCY, INC.

Defendant.   DECEMBER 14, 2010

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C. §1692k and 28 U.S.C. §1331 and 1367.

3. Plaintiff is a natural person who resides in Lanham, MD.

4. Defendant is a licensed collection agency and has a place of business as 3025 W. SAHARA AVE., LAS VEGAS, NV 89102.

5. Plaintiff is a consumer within the FDCPA.

6. Defendant is a debt collector within the FDCPA.

7. Defendant is a collector within the MCDCA.

8. Defendant communicated with Plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt to Union Electric Company, Inc.

9. The Defendant reported this alleged debt on the Plaintiff's credit report on or about July 10, 2010.

10. The Defendant never mailed or caused to be mailed a validation of debts clause notifying the Plaintiff that he had a right to dispute this alleged debt pursuant to §1692g.

11. The Plaintiff upon obtaining a copy of his credit report immediately disputed in writing the alleged debt, on July 12, 2010, reported by the Defendant on his credit report.

12. The Defendant received the written dispute by sent by the Plaintiff via facsimile, as the Plaintiff has a confirmation sheet proving receipt by the Defendant.

13. On that same day of receipt of the Plaintiff's written dispute the Defendant "verified" the debt with the credit bureau known as "Experian" and failed to notify them that the Plaintiff disputes this debt, in violation of §1692e (8).

14. On August 12, 2010, the Defendant again "verified" the debt with the credit bureau know as "Transunion" and stated "verified, no change" again failing to

update the credit report with note of the consumer debtors written dispute, received by the Defendant on July 12, 2010.

15.  The Defendant failed to validate the alleged debt owed by the Plaintiff, yet continued to collect same despite the FDCPA prohibition of a debt collector collecting upon a debt once it has received a written dispute, until such times as the debt collector "validates the debt." §1692g (b).

16 The undersigned attorney wrote a letter of representation to the Defendant and faxed same on August 25, 2010 and received a facsimile transmittal sheet proving receipt.

17.  The undersigned attorney received from the Defendant a letter dated September 2, 2010, stating "pursuant to §809 (formally known as §1692g Validation of debts clause) please find, along with this letter, a copy of the documents you request.  These documents validate your clients' outstanding balance placed with our office."

18.  The Defendant failed to validate this debt from the Plaintiff's written dispute and continued to report this debt for several months, after receiving the Plaintiff's dispute dated July 12, 2010, thereby "collecting a debt" in violation of the FDCPA §1692g.

19. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692 e, f and g.

SECOND COUNT:

20. The allegations of the First Count are repeated and realleged as if fully set forth herein.

21. The Plaintiff disputed the accuracy of the amount of the alleged debt Defendant was attempting to collect and so advised the Defendant.

22. Based on information and belief Defendant willfully or negligently reported or caused the credit report of the Plaintiff to be reported without note of dispute in violation of the FCRA.

23. As a result of the above alleged FCRA violations, Plaintiff has suffered substantial actual damages in frustration, anger humiliation, fee, embarrassment and other emotional and mental anguish.

24. As a result of these FCRA violations, Defendant is liable to Plaintiff for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. 1681n(a) (2), and for attorneys fees and costs pursuant to 1681n and 1681o.

THIRD COUNT

25. The allegations of the First Count are repeated and realleged as if fully set forth herein.

26. Within three years prior to the date of this action Defendant has engaged in acts and practices as to Plaintiff in violation of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA").

27. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff statutory damages pursuant to the FDCPA on Count I.
2. Award Plaintiff statutory damages pursuant to the FCRA on Count II.
3. Award Plaintiff statutory damages pursuant to the MCDCA on Count III.
4. Award such other and further relief as this Court may see fit.

`

THE PLAINTIFF
BY_____
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com